# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   Case Nos.:  5:18-cr-34/RH/MJF
                5:20-cv-192/RH/MJF

REGINALD MOODY

## REPORT AND RECOMMENDATION

This matter is before the court upon the "Motion to Vacate Judgment under 28 U.S.C. § 2255" filed by Reginald Moody ("Moody"). (ECF No. 33.)[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." As his lone claim for relief, Moody contends his guilty plea to an offense under 18 U.S.C. § 922(g) must be vacated based on the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019). *Rehaif*, which is not retroactively applicable on collateral review, affords Moody no relief. The instant motion, therefore, should be dismissed.

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

## I—Background

On November 1, 2018, Moody pleaded guilty to a three-count indictment charging him with two counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of possession of a firearm by a convicted felon, in violation of § 922(g)(1) and § 924(a)(2). (ECF Nos. 21-23.) The Presentence Investigation Report ("PSR") calculated Moody's advisory guideline range using the guideline applicable to the firearm count. (ECF No. 28; PSR ¶ 22.) With a total offense level of 24 and a criminal history category of VI, the applicable advisory guideline range was 77 to 96 months. The court imposed a below-guidelines sentence of 54 months of imprisonment on each count, to run concurrently. Judgment was entered on January 17, 2019, and Moody did not appeal. The clerk of the court received Moody's undated § 2255 motion on July 13, 2020.

## II—Analysis

Title 28 U.S.C. § 2255(f) imposes a one-year limitation on the filing of motions under this section. The one-year period typically runs from the date the judgment of conviction became final. Pursuant to § 2255(f)(3), a motion is timely if it is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In this case, Moody contends that this motion is timely because it was filed within one year of the Supreme Court's June 21, 2019, decision in *Rehaif*. Moody's motion, as noted above, does not bear a date. To have been filed within one year of the *Rehaif* decision, Moody was required to deliver it to prison authorities on or before June 21, 2020. It seems unlikely that Moody did so, because the clerk of the court did not receive the motion until July 13, 2020. Regardless, Moody is not entitled to relief.

The Supreme Court held in *Rehaif* that the federal statute proscribing possession of a firearm by certain categories of persons requires a showing not only that the individual knew he possessed a firearm, but also that he knew of his status as a proscribed person. *Rehaif,* 139 S. Ct. at 2200. *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements for prosecution pursuant to 18 U.S.C. § 922(g). *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (denying request for leave to file second or successive motion based on *Rehaif*); *see also In re Price*, ___ F.3d ___, 2020 WL 3790532, at *4 (11th Cir. July 7, 2020) (holding that "*Rehaif* did not announce a new rule of constitutional law"); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) (holding that "*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2).").

The *Palacios* court also noted that, even if *Rehaif* had announced a new rule of constitutional law, the new rule was not made retroactive to cases on collateral review. *Palacios*, 931 F.3d at 1315; *see In re Price*, 2020 WL 3790532, at *4 (same); *In re Wright*, 942 F.3d at 1065 (same). The Eleventh Circuit has not expressly determined whether *Rehaif* applies retroactively to litigants pursuing § 2255 relief for the first time. Assuming that it would so apply, Moody still is not entitled to relief.

First, to the extent Moody raises a jurisdictional challenge, his claim is foreclosed. The Eleventh Circuit has rejected the argument that a pre-*Rehaif* indictment that fails to allege a defendant knew of his status as a prohibited person deprives the court of subject matter jurisdiction. *United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020).

Second, Moody's claim of error is procedurally barred. Defendants generally are procedurally barred from presenting a claim in a § 2255 motion that could have been raised in a challenge to their criminal convictions or sentences on direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Moody could overcome this procedural bar by demonstrating cause for not raising the ground on direct appeal and actual prejudice resulting from this error, or,

alternatively, that he is actually innocent. *Id.* at 1234; *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Moody cannot show prejudice.

In considering *Rehaif* claims on direct appeal, the Eleventh Circuit considers the totality of the circumstances to determine whether the defendant's substantial rights or the fairness of the judicial proceedings were affected. *See United States v. McLellan*, 958 F.3d 1110, 1119 (11th Cir. 2020) (noting that it was "inconceivable" that defendant did not know he was a felon when he possessed the firearm); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights). Most appellate courts to have considered the issue have rejected claims of structural error arising from a *Rehaif* error. *See United States v. Haynes*, 798 F. App'x 560, 565 (11th Cir. 2020) (rejecting claim of structural error); *United States v. Coleman*, 961 F.3d 1024, 1029-30 (8th Cir. 2020) (holding on direct appeal that a constitutionally invalid plea based on *Rehaif* is not a structural error); *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) (holding that defendants claiming *Rehaif* error must show that alleged error actually prejudiced the outcome).

Moody's PSR reflects that he had *four separate felony convictions* prior to his commission of the federal offenses. In 2003 alone, Moody had *three separate felony*

*convictions* for possession of cocaine. (PSR ¶¶ 36, 39, 40.) Moody was sentenced to fifteen months of imprisonment on each count, to be served concurrently. (PSR ¶¶ 36, 39, 40.) In 2005, soon after Moody was released from state prison, he was convicted of possession of cocaine and was sentenced to one year and one day in state prison. (PSR ¶ 42.) With four felony convictions, Moody could not credibly argue that he did not know he was a convicted felon.

Furthermore, in the Statement of Facts in support of Moody's federal guilty plea, he admitted that he previously had been convicted of at least one felony in the State of Florida. (ECF No. 21.) Indeed, Moody does not argue that he did not know he was a convicted felon. Rather, he contends only that—when he pleaded guilty—he did not know that knowledge of his status as a felon was an essential element of the § 922(g) offense. (ECF No. 33 at 4.) Ignorance of that fact, however, does not entitle him to relief under *Rehaif*, and he has not established that his substantial rights were affected or that he suffered any prejudice. Moody cannot show a reasonable probability that, but for a *Rehaif* error, the outcome in his case would have been different. His § 2255 motion, therefore, should be denied.

### III—Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases. Moody has not shown that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how establish this prerequisite). Therefore, a certificate of appealability is not warranted.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV—Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Moody's Motion to Vacate Judgement Under 28 U.S.C. § 2255 (ECF No. 31) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Panama City, Florida, this 20th day of July, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.